## A. B. PAUL & CO. *v.* W. H. BEEGAN ET AL.

## MANDAMUS.

Courts of Justices of the Peace being the mere creatures of statute, have no juris-
diction except that which is expressly granted to them by law.

The constitutional provision which makes it the duty of the Legislature to "fix by
law the powers, duties and responsibilities of Justices of the Peace, and which
prohibits the Legislature from conferring jurisdiction of cases in which the
matter in dispute is a money demand, and the amount of such demand (exclu-
sive of interest) exceeds three hundred dollars, does not extend the jurisdiction
of Justices of the Peace, but only restricts the power of the Legislature, and
Justices' Courts could not, by virtue of the Constitution alone, and without an
Act of the Legislature under that Constitution take jurisdiction of cases where
the demand was three hundred dollars.

The Constitution merely confers a power upon the Legislature, and does not, in
this respect, define the jurisdiction of those Courts.

APPEAL from the District Court of the First Judicial Dis-
trict, State of Nevada, Storey County, Hon. RICHARD RISING
presiding.

On the 24th day of December, A. D. 1864, one W. N. Hall
was acting Justice of the Peace for Gold Hill Precinct, duly
qualified, etc., and on that day one Thomas Jones commenced
a suit against the Michigan Mill and Mining Company, a cor-
porate body, upon a promissory note of two hundred and thirty
dollars and twenty-eight cents, principal, and one hundred and
twenty-eight dollars and eighty-five cents, interest; and on the
27th day of December, 1864, recovered judgment for two hun-
dred and thirty dollars and twenty-eight cents, principal, and
one hundred and twenty dollars and eighty-five cents, interest,
in the aggregate amounting to three hundred and fifty-one dol-
lars and thirteen cents.

Upon this judgment an execution duly issued, and defend-
ant, Beegan, then and now the acting Constable of said town-
ship, levied upon the real estate in controversy, and after due
notice and advertisement, proceeded to sell the same on the
19th day of January, 1865, to the highest and best bidder, to
satisfy the aforesaid judgment. At this sale one J. L. Mason
became purchaser, for the sum of two hundred dollars in cash.

On the 24th day of January, 1865, the plaintiffs herein
redeemed the property so sold, claiming to be redemptioners

within the Act of the Legislature relating thereto.   Sixty days having expired after such redemption, and no other redemption having been made or notice thereof given, the plaintiff on the 25th day of March made a demand on defendant, Beegan, Constable as aforesaid, for a deed.   This he refused to execute, and plaintiffs make application for a mandamus to compel him to execute the same.

The defendant, the Michigan Mill and Mining Company, intervene and answer, setting up as a defense the illegality of the judgment rendered by the Justice of the Peace, he having, as they contend, exceeded his jurisdiction by rendering judgment for more than one hundred dollars, and also because the judgment debtor is entitled by law to six months within which to redeem.   The District Court having refused the mandamus, plaintiffs appeal.

*McRae & Rhodes*, for Appellant.

1. The Court below erred in refusing the writ, because the judgment is valid, subsisting and unreversed.

2. The Court below also erred in refusing the writ, because the time for redemption had expired, and the plaintiffs were by law entitled thereto.

The Justice of the Peace had jurisdiction of the person and subject matter before him, and the judgment is therefore valid.

The first point under the head of the jurisdiction of the Justice may be thus stated.   All judicial power is vested, and was at the time of the recovery of the Justice's judgment, in the Supreme, District and Justice's Court.

The Supreme Court has only appellate power, and is excluded from even appellate jurisdiction where the amount is less than three hundred dollars, exclusive of interest.

The judicial power to deal with money contracts, therefore, for sums less than three hundred dollars, exclusive of interest, must vest in either the District Courts or in the Justices' Courts, or else as contended for at *nisi prius*, such contracts are *casus omissus*, and jurisdiction of them vests no where.

Now certainly the District Courts did not have jurisdiction of those sums, for the 6th Section of Article VI. of the State Constitution limits their jurisdiction to sums over three hun-

dred dollars, exclusive of interest. The jurisdiction, therefore, of such sums vested with Justices of the Peace, unless as said above, there be in the Constitution *casus omissus* as to all such cases.

Now there can be no interregnum of jurisdiction in a constitutional government, as such an omission would contravene the Constitution of the United States. For Section 10, Article I. of that Constitution expressly declares that "no State shall pass any law impairing the obligation of contracts."

And any law which enlarges, abridges, or in any manner changes the intention of the parties resulting from the stipulations of the contract, necessarily impairs it.

The plaintiffs are beyond doubt entitled to their writ to compel the execution of the deed by Beegan.

The provisions of the statute on the subject of redemption are contained in Sections 229, 230, 231 and 232 of the 1st Chapter of Article VII. of the Practice Act.

*Perley & De Long,* for Respondents.

Opinion by LEWIS, C. J., full Bench concurring.

Courts of Justices of the Peace being the mere creature of statute have no jurisdiction, except that which is expressly granted by law. The laws of the Territory of Nevada limited the jurisdiction of Justices of the Peace in civil cases, for the recovery of money, to demands not exceeding one hundred dollars, exclusive of interest. But it is claimed that the State Constitution extended that jurisdiction to three hundred dollars. The Constitution provides that " the judicial power of the State shall be vested in a Supreme Court, District Courts, and in Justices of the Peace. That the District Courts shall have original jurisdiction in all cases in equity; also in all cases at law which involve the title or the right of possession of real property or mining claims, or the legality of any tax, impost, assessment, toll or municipal fine, and in all cases in which the demand, exclusive of interest, or the value of property in controversy exceeds three hundred dollars."

And Section 8, Article VI. declares that "the Legislature

shall determine the number of Justices of the Peace to be chosen in each city and township of the State, *and shall fix by law* their powers, duties and responsibilities; provided that such Justices' Courts shall not have jurisdiction of the following cases, viz: 1st. Of cases in which the matter in dispute is a money demand or personal property, and the amount of the demand, exclusive of interest, or the value of the property exceeds three hundred dollars."

The first point made by counsel for appellant is that, as all judicial power in the State is vested in the Supreme Court, District Courts and Justices' Courts, and as neither the Supreme nor District Courts have jurisdiction of cases where the sum claimed is less than three hundred dollars, the jurisdiction of such demands must be vested in the Justices' Courts. In other words, that all judicial power not granted to the Supreme or District Courts, and all jurisdiction prohibited to them in the Constitution, are conferred upon Justices of the Peace.

The only answer that need be made to this position is that if the jurisdiction is not expressly granted to those Courts by law, no implication or necessity whatever can confer it upon them. And the argument that the omission in the Constitution to confer jurisdiction of demands under three hundred dollars upon any Courts whatever, would be impairing the obligation of contracts, is certainly no reason in itself why such jurisdiction should be conferred upon Justices' Courts.

Prior to the adoption of the Constitution, the District Courts had jurisdiction of all cases over one hundred dollars. If the Constitution takes away any of that jurisdiction, and it is not conferred upon any other tribunal, and the obligation of contracts is thereby impaired, the result would be to retain that jurisdiction in the District Courts until it was conferred upon some others, and to suspend that provision of the Constitution taking that jurisdiction from the District Courts until such time as the Legislature makes some provision for such jurisdiction.

The Territorial law expressly limited the jurisdiction of Justices of the Peace to one hundred dollars. (Laws of 1861, p. 418, sec. 610.) And the Constitution (Article XVII., Section 2), declares that " all laws of the Territory of Nevada in force at the time of the admission of this State, not repugnant to

this Constitution, shall remain in force until they expire by their own limitation, or be altered or repealed by the Legislature."

Is the law limiting the jurisdiction of these Courts to one hundred dollars repugnant to the Constitution? It would seem not. That instrument confers no jurisdiction whatever upon Justices of the Peace, but leaves the entire matter to the Legislature. Section 8 of Article VI. merely prohibits the Legislature from conferring jurisdiction upon those Courts in certain cases. This section declares that the *Legislature shall fix by law* the powers, duties and responsibilities of Justices of the Peace.

If the Constitution itself fixes their powers and duties, why make it the duty of the Legislature to do the same thing by law? It would be a strained construction to say that a constitutional grant of authority to the legislative power, to regulate a certain subject by law, is itself a regulation of it. If the Constitution confers jurisdiction of demands under three hundred dollars upon Justices of the Peace, it can only be by the implication that, as it limits the jurisdiction of the District Courts to sums of over three hundred dollars, exclusive of interest, it must vest the jurisdiction of sums under that amount in Justices of the Peace. Those Courts, however, cannot take jurisdiction by any such implication.

As this point disposes of the case, it is unnecessary to pass upon the others made by counsel for appellant.

Judgment below affirmed.