SCOTT DEAN KELL, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 11062

October 29, 1980                          618 P.2d 350

---

*William N. Dunseath,* Public Defender, and *Michael B. McDonald,* Deputy Public Defender, Washoe County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Calvin R. X. Dunlap,* District Attorney, and *Edward B. Horn,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Scott Dean Kell, a minor, was charged with murder in the district court. He moved the court for an order directing an investigation to determine whether he should be treated as a juvenile in the juvenile division of the district court. The district court, however, concluded that it lacked authority under the Juvenile Court Act, NRS 62.010 *et seq.,* to transfer a case where the juvenile was charged with murder to the juvenile division of the court, and, accordingly, denied appellant's motion. The case proceeded to trial. Kell was convicted of first degree murder. He appeals the conviction. We affirm.

We recognize, as did the district court, that there are ambiguities in the Juvenile Court Act which may suggest that the legislature intended to allow a juvenile charged with murder or attempted murder, NRS 62.040(1)(c)(1); 62.060(1), to make a showing of "exceptional circumstances" sufficient to warrant his transfer to the juvenile division.[1] However, the juvenile court system is a creation of statute, and it possesses only the

---

[1]The legislative history of the act, Minutes of the Senate Judiciary Committee, April 21, 1977, indicates that the proponents of the bill thought that transfer of such cases would be possible on a showing of exceptional circumstances justifying juvenile treatment of the offender. There is a further indication of this intent in NRS 62.170(7), which provides:

> During the pendency of a criminal or quasi-criminal charge of murder or attempted murder, a child may petition the juvenile division for temporary placement in a juvenile detention facility pending final disposition *of the issue of jurisdiction.* [Emphasis added.]

jurisdiction expressly provided for it in the statute. *See* Levy & Zentner Co. v. Justice Court, 48 Nev. 425, 233 P. 40 (1925); Paul & Co. v. Beegan & Co., 1 Nev. 327 (1865). Although a statutory provision by which a juvenile charged with murder or attempted murder may have his case transferred to the juvenile division of the district court may well be desirable, in certain circumstances, *see* NRS 62.290, we may not imply *ex nihilo* a grant of jurisdiction to try such an offense as a delinquent act within the juvenile court's jurisdiction under the present provisions of NRS 62.040(1)(c).[2]

The judgment of the district court is affirmed.

---

[2]NRS 62.040 provides that the juvenile court "has exclusive original jurisdiction in proceedings: . . . . (c) Concerning any child living or found within the county who has committed a delinquent act. A child commits a delinquent act if he: (1) Commits an act designated a crime under the law of the State of Nevada except murder or attempted murder . . ." ·