BRIAN McKAY, ATTORNEY GENERAL OF THE STATE OF NEVADA, Appellant, *v.* CITY OF LAS VEGAS and SEYMORE H. BROWN, NANCY A. BECKER, TOY R. GREGORY and STEPHEN C. WEBSTER, JUDGES OF THE LAS VEGAS MUNICIPAL COURT, CLARK COUNTY, NEVADA, Respondents.

No. 19491

March 27, 1990                                    789 P.2d 584

*Brian McKay,* Attorney General; *Scott W. Doyle,* Deputy Attorney General, Carson City, for Appellant.

*George Ogilvie, Jr.,* City Attorney; *Emmett Lally,* Deputy City Attorney, Las Vegas, for Respondents.

# OPINION

*Per Curiam:*

Brian McKay, Attorney General of the State of Nevada (State), appeals from a district court decision holding: (1) that municipal judges have the power to declare state statutes unconstitutional; (2) that NRS 176.059 is a tax statute; and (3) that part of NRS 176.059 which requires courts to collect an assessment against guilty criminal defendants based on the amount of their fine is unconstitutional. The City of Las Vegas (City) and the judges of the municipal courts of Las Vegas are the respondents in this case. We hold that the district court erred in holding that municipal judges may declare a statute to be unconstitutional and also in holding that NRS 176.059 is unconstitutional. Therefore, we reverse.

## FACTS

In 1983, the legislature enacted NRS 176.059 which provided for imposition, collection, and distribution of $10.00 as an administrative assessment against defendants who were found guilty of a misdemeanor. The legislature amended NRS 176.059 in 1985 and again in 1987. The 1987 amendment changed the administrative assessment from one that was fixed at $10.00 to an amount that increased as the amount of the defendant's fine increased. The 1987 amendment also directed that the money collected on each assessment in excess of $10 must be paid to the state's general fund and used for specifically stated law enforcement education and improvements.

On February 2, 1988, Municipal Court Judge Nancy Becker, in response to a motion from a defendant, declared the sliding scale assessment established by the 1987 amendment to NRS 176.059 to be unconstitutional because it violated the procedural and substantive due process provisions of the Nevada and United States Constitutions, as well as the doctrine of separation of powers. Judge Becker also declared that the new assessments were a tax which treated members of the same class in different fashions and hence violated Article 4, Sections 20 and 21 of the Nevada Constitution.

On February 4, 1988, the Las Vegas Municipal Court Judges issued an order incorporating Judge Becker's opinion and

announcing that they would not enforce the amendments to NRS 176.059 which were enacted in 1987. The State then obtained a temporary restraining order and a preliminary injunction preventing the judges from implementing their order.

The district court held a hearing on the merits of the State's case in June of 1988. The court held that: (1) a municipal judge has the power to declare a state statute unconstitutional; (2) NRS 176.059 is a tax statute and therefore it unconstitutionally delegates to the judges the job of collecting taxes in violation of the separation of powers doctrine; and (3) that NRS 176.059 impairs the judiciary's ability to make a fair decision. The district court thus denied the injunctive relief asked for by the State.

## LEGAL DISCUSSION

The first issue presented is whether the district court erred in holding that municipal courts have the authority to declare a state statute to be unconstitutional. The Nevada Constitution art. 6, § 1 provides:

> Judicial power vested in the court system. The Judicial power of this State shall be vested in a court system, comprising a Supreme Court, District Courts, and Justices of the Peace. *The Legislature may also establish, as part of the system, Courts for municipal purposes only in incorporated cities and towns.*

(Emphasis added.)

A court which is the creation of statute has only the authority given to it by the statute. Kell v. State, 96 Nev. 791, 792-793, 618 P.2d 350 (1980). Jurisdiction is not given by implication. A. B. Paul & Co. v. W. H. Beegan, et al., 1 Nev. 327, 330 (1865). NRS 5.050 defines the limits of the jurisdiction of municipal courts and does not empower them to declare a state law unconstitutional. We hold therefore that since NRS 5.050 does not give municipal courts the power to declare a statute unconstitutional they have no such power. Hence, the district court erred in holding that a municipal court judge may declare a state statute unconstitutional.

The second issue presented is whether the district court erred in holding that NRS 176.059 is a tax statute because the revenues generated from it go not only to support the costs of prosecuting the case but to other programs as well. The court further held that, as a tax statute, NRS 176.059 violates the doctrine of separation of powers because it forces judges to perform executive functions. We disagree.

This court has already reviewed NRS 176.059, when it imposed a flat fee for misdemeanor or ordinance violations, to determine whether a district court order compelling the use of some revenues for court improvement was proper. Bd. of Cty. Comm'rs v. White, 102 Nev. 587, 729 P.2d 1347, 1350 (1986). At that time, we rejected a challenge to the statute that claimed it was unlawful and unworkable. We summarized the thrust of the former version of NRS 176.059 as follows:

> The foregoing analysis distills into two basic conclusions: (1) the assessment fee provides a source of funds for court improvement and capital acquisitions which is in addition to general fund allotments necessary to fund the annual operation budgets of the courts; and (2) such monies earmarked for, but unused by, the court system during each fiscal year are transmuted into general fund monies available for use by the accountable government agency as it sees fit. Such funds are not to be accumulated from year to year for the exclusive use of the courts.

*Id.* at 591.

The statute challenged by the City is the same as the one we analyzed in *White* except that we now have a sliding scale surcharge instead of a flat fee and the portion of the assessment in excess of $10 is to be spent for law enforcement purposes. In *White* we held directly or by implication that the basic statutory scheme used in NRS 176.059 was not an improper delegation of the taxing authority nor a general revenue measure. That scheme included some use of the funds raised for law enforcement. We do not believe that the addition of a sliding scale changes our analysis in any material way or makes this statute unconstitutional. Similar statutory schemes that contained a sliding scale assessment or surcharge have been upheld in other states. *See* People v. Long, 210 Cal.Rptr. 745 (Cal.App. 1985); Hensley v. Peace Officers Training Fund, 99 Cal.Rptr. 728 (Cal.App. 1972). Charging all misdemeanant or ordinance violators a minimum fee, but more serious violators a slightly greater assessment is not unreasonable. It obviously costs a certain amount of money to open a court file and process it. Generally, the greater the offense the more time and effort will be used in processing the case.

Other state courts have held that statutes similar to NRS 176.059 are constitutional. In these states the courts held that an assessment prescribed by the legislature but collected by the courts will be presumed to be a reasonable assessment and not a tax if the funds are used for broad judicial and law enforcement

purposes. *See* Broyles v. State, 688 S.W.2d 290 (Ark. 1985); State v. Champe, 373 So.2d 874 (Fla. 1978); State v. Young, 238 So.2d 589 (Fla. 1970); Davis v. State, 495 So.2d 928 (Fla.App. 1986). Although NRS 176.059 requires the first $10 of every assessment to be disbursed to the courts, the remainder of each assessment is to be spent for general law enforcement purposes. Earmarking some funds for law enforcement purposes does not render the statute unconstitutional. Consistent with the *White* decision, we hold that NRS 176.059 is a reasonable assessment and not a tax.

Finally, we note that the district court ruled only on whether the amended version of NRS 176.059 was constitutional on its face. All parties seemed to agree with the limited scope of the ruling. At the June 8, 1988, hearing the district court stated, with the apparent concurrence of the parties:

> My jurisdiction in this case is limited to certain matters: Declaratory judgment on constitutionality or not in the statute. Whether the municipal court acted in excess of their [sic] jurisdiction. . . . It does not go to the state doing or not doing what is mandated under the statute so I don't have jurisdiction to do that.

On appeal the City now claims that the statute should be invalidated because the funds collected are not being used primarily for court purposes. This claim was not litigated by the parties, and the record contains no evidence of it except for one exhibit by which the City attempts to show that some funds collected by the assessment are unaccounted for. This exhibit is unauthenticated and unclear. Therefore, we decline to decide whether monies collected from the surcharge are being used improperly because this matter was not litigated or decided by the district court.

We have, however, unequivocally stated that the surcharge revenues are to be used primarily for the improvement of the court system. In *White* this court held:

> Nevertheless, since the Legislature created the assessment fee primarily to facilitate the improvement of the court system from which the fees are generated, requests from judicial officers for the expenditure of funds produced from that source must be viewed as presumptively reasonable. The regulating, budgetary authority may, however, withhold approval and disbursement of such requisitions upon a showing sufficient to rebut the presumption of validity.

*White*, 102 Nev. at 592. Our holding in this case does nothing to diminish our holding in *White* that revenues generated from the

assessments of NRS 176.059 are to be used primarily for court improvement and judicial capital acquisition. This statutory scheme and surcharge may cause some problems in budgeting and administering the funds. We have noted and still believe that such problems can be solved by good faith cooperation between the branches of the government.

Accordingly, we find that: (1) municipal judges have no power to declare a state statute unconstitutional; and (2) NRS 176.059 as amended in 1987 is constitutional. The district court erred in determining otherwise. The judgment entered below is hereby reversed.