An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF: J.M., A MINOR,

J.M.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62256

**FILED**

OCT 16 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



*ORDER OF AFFIRMANCE*

This is an appeal from a juvenile court order transferring a juvenile case for adult criminal proceedings. Eighth Judicial District Court, Family Court Division, Clark County; William O. Voy, Judge.[1]

On August 16, 2011, the State charged appellant J.M. in juvenile court with three counts each of sexual assault of a minor under 14 and lewdness with a minor under 14. It alleged that all of the offenses occurred between July 16, 2005, and July 15, 2007, when J.M. was between 14 and 16 years of age. J.M. was not arrested in connection with the petition until September 27, 2012, when he was 21 years old. The juvenile court appears to have concluded that it lacked jurisdiction over the case because J.M. was 21 years old at the time he appeared in juvenile

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

court. The court also appears to have determined that NRS 62B.330(3)(e)(1) divested it of jurisdiction over the offenses that allegedly occurred when J.M. was 16 years of age.

J.M. first challenges the juvenile court's determination that NRS 62B.330(3)(e)(1) applied and divested it of jurisdiction. J.M. contends that the statute does not apply because the State cannot establish that he was 16 years old during the relevant time period.[2] We disagree.

NRS 62B.330(3)(e)(1) divests the juvenile court of jurisdiction over a person who is <u>charged</u> with committing an offense that would have been a category A or B felony if committed by an adult when he or she was between the ages of 16 and 18 and who is identified and charged between the ages of 20 years, 3 months and 21 years. *In re George J.*, 128 Nev. ___, ___, ___, 279 P.3d 187, 188, 191 (2012). The statute contains no requirement that the State <u>prove</u> the offender's age at the time of the offense. *Compare* NRS 62B.330(3)(e)(1) (divesting the juvenile court of jurisdiction over certain persons charged with certain offenses), *with* NRS 62B.335(2) (requiring the juvenile court to determine whether probable cause supports charges before considering whether to transfer a person for criminal proceedings). Therefore, J.M.'s contention that NRS 62B.330(3)(e)(1) does not apply because the State cannot establish his age at the time of the offense lacks merit.

---

[2]J.M. also asserts that NRS 62B.335 does not apply to him. The juvenile court specifically concluded that NRS 62B.335 did not apply.

J.M. next contends that because neither NRS 62B.330(3)(e)(1) nor NRS 62B.335(1) address which court has jurisdiction over a person who committed offenses when he or she was under the age of 16, and he was under the age of 16 for part of the time period charged, the juvenile court retained jurisdiction over the offenses. This contention lacks merit. "'[T]he juvenile court system is a creation of statute, and it possesses only the jurisdiction expressly provided for it in the statute.'" *State v. Barren*, 128 Nev. ___, ___, 279 P.3d 182, 184 (2012) (quoting *Kell v. State*, 96 Nev. 791, 792-93, 618 P.2d 350, 351 (1980)). J.M. does not assert that any statute grants the juvenile court jurisdiction over him. And he does not dispute the juvenile court's conclusion that it lacked jurisdiction because J.M. is over the age of 21. *See* NRS 62B.330(1) ("[T]he juvenile court has exclusive original jurisdiction over a child living or found within the county who is alleged or adjudicated to have committed a delinquent act."); NRS 62A.030(1) (defining the term "child" to exclude persons over the age of 21 unless circumstances not relevant here apply); *see also* NRS 62B.410(2) (juvenile court jurisdiction ends when a child turns 21 years old). Because the district court has jurisdiction over a defendant where the juvenile court does not, *Barren*, 128 Nev. at ___, 279 P.3d at 184, (barring exceptions that are inapplicable here, "some court always has jurisdiction over a criminal defendant"), J.M. fails to demonstrate that the juvenile court erred by transferring his case for criminal proceedings.

Finally, J.M. contends that because the writ of attachment "arguably" expired on his 21st birthday but he was not arrested until after he turned 21 years old, the case must be dismissed. We decline to address

this contention because it is not supported by any argument or citation to authority. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

Having determined that J.M. is not entitled to relief, we ORDER the judgment of the juvenile court AFFIRMED.[3]

_____, J.
Hardesty

_____ J.
Parraguirre

_____, J.
Cherry

cc: Hon. William O. Voy, District Judge, Family Court Division
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney/Juvenile Division
Eighth District Court Clerk

---

[3]Despite the State's certification that its brief complies with the requirements of NRAP 32, the brief does not comply. The brief is not double-spaced and does not have 1-inch margins on all four sides, and the footnotes are not the same size font as the body of the brief. *See* NRAP 32(a)(4)-(5). We caution the State that future failure to comply with all applicable rules may result in the imposition of sanctions. *See* NRAP 28.2(b).