G.C. WALLACE, INC., PETITIONER, v. THE EIGHTH JUDI-
CIAL DISTRICT COURT OF THE STATE OF NEVADA, IN
AND FOR THE COUNTY OF CLARK; AND THE HONOR-
ABLE ALLAN R. EARL, DISTRICT JUDGE, RESPONDENTS,
AND REEF CENTRA POINT B2348, INC., REAL PARTY IN
INTEREST.

No. 56773

October 6, 2011                                   262 P.3d 1135

[Rehearing denied December 27, 2011]
[En banc reconsideration denied February 8, 2012]

*Lionel Sawyer & Collins* and *Todd M. Touton*, Las Vegas, for
Petitioner.

*Kolesar & Leatham, Chtd.*, and *Bart K. Larsen*, Las Vegas, for
Real Party in Interest.

Before SAITTA, C.J., HARDESTY and PARRAGUIRRE, JJ.

## OPINION

By the Court, SAITTA, C.J.:

In this original petition for a writ of mandamus, we consider whether a landlord who seeks summary eviction in justice court under NRS 40.253[1] against a tenant is precluded from subsequently bringing a damages claim in district court for breach of the lease agreement. In the underlying matter, the landlord prevailed in the summary eviction proceeding in justice court and thereafter

---

[1]We note that NRS 40.253 has recently been amended. 2011 Nev. Stat., ch. 56, § 1, at 235-36; 2011 Nev. Stat., ch. 271, § 26, at 1491-92. This opinion addresses the version of the statute as it existed when the relevant proceedings underlying this petition took place.

filed a claim for damages in district court. The tenant filed a motion for summary judgment, arguing, among other things, that the landlord's damages claim was barred by the doctrine of claim preclusion. The district court denied the motion for summary judgment, and this petition followed.

We first address whether the elements of the doctrine of claim preclusion as set forth in *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054, 194 P.3d 709, 713 (2008), are met. Because we conclude that these elements are met, we consider whether an exception to claim preclusion applies—namely, whether the summary eviction scheme provided in NRS 40.253 permits a landlord to bring a summary eviction proceeding in justice court and subsequently bring a damages claim in district court.

We conclude that although NRS 40.253 is ambiguous on this point, the purpose and policies underlying the statute reveal that the Legislature intended to permit a landlord to bring a damages claim in district court after seeking summary eviction in justice court. Thus, although such a damages claim would otherwise fall within the purview of the claim preclusion doctrine, it is exempt from the application of the doctrine. Consequently, a landlord who seeks summary eviction in justice court is not prevented from subsequently bringing a claim for damages in district court, as the landlord did here. Accordingly, we deny the petition.

## FACTS

Petitioner G.C. Wallace, Inc., fell behind in its $81,000 monthly rental payments to real party in interest Reef Centra Point B2348, Inc. Reef Centra sought and obtained a summary eviction order in justice court. Shortly thereafter, Reef Centra filed a complaint in district court against G.C. Wallace for damages exceeding $50,000 for breach of the parties' lease agreement. G.C. Wallace filed a motion for summary judgment on the ground that Reef Centra's claim for damages was precluded by the doctrine of claim preclusion, among other things. G.C. Wallace argued that a landlord such as Reef Centra is required to seek summary eviction in unison with its claim for damages, in either justice court or in district court, depending on the amount of damages claimed. G.C. Wallace asserted that by failing to do so, Reef Centra is precluded from bringing the damages claim underlying this petition. The district court denied G.C. Wallace's motion. G.C. Wallace now petitions this court for a writ of mandamus directing the district court to vacate its order denying G.C. Wallace's motion for summary judgment.

## DISCUSSION

G.C. Wallace contends that writ relief is warranted because the district court abused its discretion in not granting its motion for

summary judgment. Specifically, it asserts that the district court disregarded controlling statutes and precedent in denying its motion. G.C. Wallace also asserts that writ relief is warranted because no factual dispute exists and the justice and district courts are in a state of disarray regarding summary eviction proceedings.

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *International Game Tech. v. Dist. Ct.*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (citations omitted). When an adequate and speedy legal remedy exists, however, writ relief is not available. *Id.* As we have explained, an appeal typically is an adequate and speedy legal remedy. *Id.* Furthermore, even if an appeal does not constitute an adequate and speedy legal remedy in a particular case, we generally will not exercise our discretion to consider petitions for extraordinary writ relief that challenge district court orders denying motions for summary judgment, unless: (1) no factual dispute exists and summary judgment is clearly required by a statute or rule or (2) an important issue of law requires clarification and judicial economy favors granting the petition. *Id.* at 197-98, 179 P.3d at 558-59.

Here, an appeal is not an adequate and speedy legal remedy given the infancy of the underlying litigation and considerations of sound judicial administration. In addition, G.C. Wallace's petition raises several important issues of law regarding summary eviction proceedings that will likely recur. As noted by the district court in its order denying G.C. Wallace's motion for summary judgment, "the entire area of law surrounding Summary Eviction and which Court has jurisdiction over it is currently creating both confusion and debate among the Bench and Bar of the Eighth Judicial District." Thus, G.C. Wallace's petition raises issues requiring clarification and judicial economy warrants entertaining this petition. Moreover, G.C. Wallace and Reef Centra do not dispute the salient facts of this matter. Accordingly, we exercise our discretion to consider G.C. Wallace's petition.

*Claim preclusion and summary eviction proceedings*

G.C. Wallace asserts that the district court manifestly abused its discretion by not granting its motion for summary judgment. It contends that when a landlord such as Reef Centra seeks summary eviction in justice court under NRS 40.253, the doctrine of claim preclusion prevents the landlord from subsequently bringing a claim for damages. G.C. Wallace argues that Reef Centra could

have joined a claim for damages of less than $10,000 with the summary eviction proceeding in justice court but, instead, chose to separately pursue a claim for damages in district court. It also argues that Reef Centra could have joined its claim for damages in excess of $10,000 with a request for summary eviction in district court, but failed to do so. In sum, according to G.C. Wallace, Reef Centra's decision to avail itself of the summary eviction proceeding in the justice court is fatal to its subsequent claim for damages in district court.

Reef Centra asserts that the elements of claim preclusion are not satisfied and, even if they are, summary eviction proceedings should be exempt from the normal preclusion rules which might otherwise apply.

Whether claim preclusion is available is a question of law reviewed de novo. *See Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1058, 194 P.3d 709, 715 (2008); *University & Cmty. Coll. Sys. v. Sutton*, 120 Nev. 972, 984, 103 P.3d 8, 16 (2004) (reviewing de novo whether issue preclusion is available). Similarly, "[s]tatutory interpretation is a question of law that we review de novo, even in the context of a writ petition." *International Game Tech.*, 124 Nev. at 198, 179 P.3d at 559.

As we have explained, "this court must give [a statute's] terms their plain meaning, considering its provisions as a whole so as to read them in a way that would not render words or phrases superfluous or make a provision nugatory." *Southern Nev. Homebuilders v. Clark County*, 121 Nev. 446, 449, 117 P.3d 171, 173 (2005) (internal quotation omitted). "When a statute is clear and unambiguous, we give effect to the plain and ordinary meaning of the words and do not resort to the rules of construction." *Cromer v. Wilson*, 126 Nev. 106, 109, 225 P.3d 788, 790 (2010). When a statute is ambiguous, however, meaning it is capable of more than one reasonable interpretation, we ascertain the Legislature's intent by analyzing the statute's legislative history and construing the statute in accordance with reason and public policy. *Great Basin Water Network v. State Eng'r*, 126 Nev. 187, 196, 234 P.3d 912, 918 (2010). In addition, "we must construe ambiguous statutes so as to avoid absurd results." *Star Ins. Co. v. Neighbors*, 122 Nev. 773, 776, 138 P.3d 507, 510 (2006).

*Claim preclusion*

We apply a three-part test to determine the availability of claim preclusion: "(1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on

the same claims or any part of them that were or could have been brought in the first case." *Five Star*, 124 Nev. at 1054, 194 P.3d at 713 (footnote omitted).

Here, there is no question that the first element of claim preclusion from *Five Star* is met because the parties in the summary eviction proceeding and the action for damages are identical. The second element is also satisfied. Because Reef Centra did not claim damages in the summary eviction proceeding, the justice court had jurisdiction, and accordingly, it entered a valid order of summary eviction. *See* NRS 4.370(1)(g) (justice courts have jurisdiction over "actions for the possession of lands and tenements where the relation of landlord and tenant exists, when damages claimed do not exceed $10,000 or when no damages are claimed"); *Five Star*, 124 Nev. at 1054 n.27, 194 P.3d at 713 n.27 (a judgment is considered valid unless the case was dismissed without prejudice due to, for example, lack of jurisdiction, improper venue, or failure to join a party).

With respect to the third element of claim preclusion, Reef Centra contends that its damages claim could not have been brought in the justice court due to the $10,000 jurisdictional limitation on the justice court imposed by NRS 4.370(1)(g). It is well-settled, however, that a jurisdictional limit alone does not, for purposes of claim preclusion, prevent a claim from being brought. *See* Restatement (Second) of Judgments § 24 cmt. g (1982) (preclusive effect attaches, "although the first action is brought in a court which has no jurisdiction to give a judgment for more than a designated amount," because "[t]he plaintiff, having voluntarily brought his action in a court which can grant him only limited relief, cannot insist upon maintaining another action on the claim"); *see also Five Star*, 124 Nev. at 1054, 194 P.3d at 713 (claim preclusion can apply when the later action is based upon "the same claims or *any part* of them" that could have been brought in the earlier action (emphasis added)); *Vincent v. Clean Water Action Project*, 939 P.2d 469, 473 (Colo. Ct. App. 1997) ("We do not believe that a damage limitation equates to deprivation of a remedy or an inability of a party to obtain the full measure of relief contemplated by [the] Restatement." (internal quotation omitted)); *Cruz v. FTS Construction Inc.*, 142 P.3d 365, 371 (N.M. Ct. App. 2006) ("A plaintiff cannot avoid the application of res judicata where he or she brought a prior suit on the same cause of action in a court with a jurisdictional limit."). Although a summary eviction proceeding itself does not result in a judgment for damages, NRS 40.253, nothing prevented Reef Centra from simultaneously asserting a damages claim for less than $10,000 in the justice court.

Reef Centra also purports that the third element of *Five Star* is not met because its damages claim was not based upon the same

claim that it brought in the summary eviction proceeding. To the contrary, all claims "based on the same facts and alleged wrongful conduct" that were or could have been brought in the first proceeding are subject to claim preclusion. *Five Star*, 124 Nev. at 1058, 194 P.3d at 715. G.C. Wallace's default gave rise to Reef Centra's summary eviction action as well as its damages claim for a breach of the parties' lease. In other words, the damages claim and summary eviction proceeding are based upon an identical set of facts and could have been brought simultaneously. Thus, the elements of claim preclusion from *Five Star* are present, and accordingly, Reef Centra's damages claim is subject to claim preclusion, unless, as we discuss below, an exception applies.

### *An exception to claim preclusion applies to summary eviction proceedings*

Broadly speaking, the three-part claim preclusion test is rooted in the Restatement (Second) of Judgments. *See id.* at 1054 n.27, 194 P.3d at 713 n.27. In *Five Star*, although we had no need to discuss each of the numerous exceptions to the doctrine of claim preclusion, we acknowledged that exceptions to the doctrine exist. *Id.* at 1058, 194 P.3d at 716 (noting that there is "a public policy exception to claim preclusion in cases involving a determination of paternity").

The exception relevant to this petition is that contained in the Restatement (Second) of Judgments, which provides, in pertinent part, that claim preclusion

> does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant [if]:
>
> . . . .
>
> (d) . . . [I]t is the sense of the [statutory] scheme that the plaintiff should be permitted to split his claim . . . .

Restatement (Second) of Judgments § 26(1)(d) (1982).

Comment e of the Restatement elaborates upon this exception, explaining that adjudication of a particular claim should not be precluded when it appears "from a consideration of the entire statutory scheme that litigation, which on ordinary analysis might be considered objectionable as repetitive, is here intended to be permitted." Illustration 5 furnishes the following instructive example that applies the exception contained in section 26(1)(d):

> For nonpayment of rent, landlord A brings a summary action to dispossess tenant B from leased premises. A succeeds in the action. A then brings an action for payment of the past due rent. The action is not precluded if, for example, the statutory system discloses a purpose to give the landlord a

> choice between, on the one hand, an action with expedited procedure to reclaim possession which does not preclude and may be followed by a regular action for rent, and, on the other hand, a regular action combining the two demands.

Restatement (Second) of Judgments § 26 cmt. e, illus. 5 (1982).

Accordingly, we consider whether it appears from an examination of the summary eviction procedure set forth in NRS 40.253 that Reef Centra's separate damages claim is intended to be permitted. NRS 40.253(1) introduces summary eviction as a form of relief that may be sought "in addition to the remedy [contained in the provisions governing unlawful detainer actions]." Not surprisingly, the summary eviction procedure is triggered when the tenant defaults in his or her rental payments and the landlord serves upon the tenant a written notice requiring the tenant to pay rent or surrender the property within five days. NRS 40.253(1)(a). The tenant may contest the eviction by filing, within five days, a countervailing affidavit stating that he or she is not in default. NRS 40.253(3)(b). If the tenant contests the eviction, the landlord may file a "complaint for eviction to the justice court . . . or to the district court . . . , whichever has jurisdiction over the matter." NRS 40.253(5)(a). Thereafter, the court must conduct a hearing to consider only whether there is a legal defense to the alleged unlawful detainer of the property or the sufficiency of the landlord's notice. NRS 40.253(6). If the tenant has no defense to the alleged unlawful detainer, "the court may issue a summary order for removal of the tenant." *Id.*

The parties each interpret the provisions of NRS 40.253 differently. On the one hand, G.C. Wallace points out that NRS 40.253(5) makes a sweeping statement that summary eviction proceedings may be sought in justice court "or" in district court, "whichever has jurisdiction over the matter." This language suggests that the Legislature contemplated that damages claims should be brought in conjunction with summary eviction proceedings because, under NRS 4.370(1)(g), the amount of damages claimed is the manner in which jurisdiction is determined. Thus, although NRS 40.253 does not expressly provide that landlords must bring their claims in unison, according to G.C. Wallace, the statute could reasonably be interpreted as requiring that a damages claim be brought simultaneously with a summary eviction proceeding, in either the district court or the justice court.

On the other hand, Reef Centra emphasizes that NRS 40.253 does not provide that a judgment for damages may be entered or that damages are recoverable if a landlord prevails in a summary eviction proceeding. Although a damages claim can be brought at the same time as a summary eviction proceeding, a landlord who prevails in the summary eviction proceeding can recover only im-

mediate possession of the property. The absence of a provision in NRS 40.253 for monetary recovery makes perfect sense because all that generally can be resolved in summary eviction proceedings is whether the landlord is entitled to immediate possession. *See Lippis v. Peters*, 112 Nev. 1008, 1012, 921 P.2d 1248, 1251 (1996) (discussing the limited nature of summary eviction proceedings). Indeed, the reason the summary eviction procedure in NRS 40.253 is able to operate expeditiously is because all that is resolved is immediate possession. Additionally, a special complaint must be filed for summary eviction proceedings, NRS 40.253(5)(a), and separate justice court rules apply in such proceedings. JCRCP 101-105. But even more importantly, under NRS 40.253(1), a landlord may seek summary eviction *"in addition to"* an unlawful detainer action. (Emphasis added.) In sum, Reef Centra asserts that there are strong indications in NRS 40.253 that the Legislature intended to permit summary eviction proceedings to be litigated separately.

We conclude that both of the above interpretations are reasonable—that is, NRS 40.253 can be reasonably interpreted as requiring possession and damages to be litigated simultaneously, but it also can be reasonably interpreted as providing landlords with the choice to litigate possession and damages separately. Because there is more than one reasonable interpretation of NRS 40.253, we conclude that it is ambiguous. Although the parties each contend that the legislative history of NRS 40.253 supports their respective positions, we conclude that the legislative history of the statute is inconclusive as to whether the Legislature intended to create a scheme in which a landlord is permitted to bring a claim for damages separately from a summary eviction proceeding. *See* Hearings on A.B. 216 Before the Assembly Judiciary Comm., 66th Leg. (Nev., February 1 and March 22, 1991). Thus, we determine the Legislature's intent by construing NRS 40.253 in accordance with reason, public policy, and in a manner that avoids an absurd result. *See Great Basin Water Network v. State Eng'r*, 126 Nev. 187, 196, 234 P.3d 912, 918 (2010); *Star Ins. Co. v. Neighbors*, 122 Nev. 773, 776, 138 P.3d 507, 510 (2006).

A special appreciation of the unique nature of summary eviction proceedings is vital to properly construing NRS 40.253. In enacting NRS 40.253, the Legislature created a swift and straightforward procedure for determining who is entitled to immediate possession. *See Lippis*, 112 Nev. at 1011, 921 P.2d at 1250 ("NRS 40.253 is quite simple and quite adequate for its purpose."). If we construed NRS 40.253 to require simultaneous litigation of all claims arising from the tenant's default, we would eviscerate the utility and the very purpose of justice court summary eviction proceedings. Landlords seeking damages in excess of $10,000 would

be forced to entirely forego the speedy resolution of possession in justice court or forfeit their claims for damages in excess of $10,000. Such a result would entirely defeat the purpose of the summary eviction scheme, transforming it into a trap that would snare the very individuals that it was designed to serve.

G.C. Wallace has failed to cite even a single case holding that a landlord's failure to seek damages simultaneously with a summary eviction proceeding bars later recovery for those damages. Indeed, one court has suggested that no such authority exists. *See Norris v. Green*, 656 A.2d 282, 286 n.5 (D.C. 1995) (there is "no authority" for the proposition that a landlord's "failure to ask for back rent along with the possessory action bars a later recovery for that rent"). Additionally, commentators have specifically warned against applying preclusive effect to summary eviction proceedings. *See* Kimberly E. O'Leary, *The Inadvisability of Applying Preclusive Doctrines to Summary Evictions*, 30 U. Tol. L. Rev. 49, 72 (1998) ("[T]he realities of landlord-tenant practice make the use of preclusive doctrines in these actions especially problematic."); Rosemary Smith, *Locked Out: The Hidden Threat of Claim Preclusion for Tenants in Summary Process*, 15 Suffolk J. Trial & App. Advoc. 1, 25 (2010) ("[T]he very purpose of an expedited proceeding would be undermined if lawyers felt obligated to append a multitude of related claims, lest they be barred by claim preclusion from raising them in a separate action."). Another reason that we reject the position advanced by G.C. Wallace is that it would lead to the unreasonable result of having an overburdened district court system and an underutilized justice court system. In sum, preventing a landlord from bringing a damages claim after a summary eviction proceeding goes against reason and public policy and would render an absurd result.

The foregoing, in connection with the well-established canon of statutory construction providing that statutory provisions must not be rendered superfluous, demonstrates that a landlord seeking repossession and damages has at least four options. The landlord may seek, in district court, summary eviction along with a damages claim in excess of $10,000. NRS 4.370(1)(g); *see* NRS 40.253(5)(a). Or, the landlord may seek, in justice court, summary eviction along with a damages claim for less than $10,000. NRS 4.370(1)(g); *see* NRS 40.253(5)(a). The landlord also has the option to seek summary eviction in justice court and thereafter bring a claim for damages in excess of $10,000 in district court.[2] Finally,

---

[2]We note that this option does not run afoul of Article 6, Section 6(1) of the Nevada Constitution, which provides, in pertinent part, that "[t]he District Courts . . . have original jurisdiction in all cases excluded by law from the original jurisdiction of justices' courts." As we have explained, this provision prevents the district court and justice court from exercising concurrent jurisdiction. *K.J.B. Inc. v. District Court*, 103 Nev. 473, 475, 745 P.2d 700, 701

the landlord may seek summary eviction in justice court and thereafter bring a separate damages claim for less than $10,000 in justice court. Providing landlords with these options preserves the summary eviction scheme and also comports with the statutory language of NRS 40.253 that permits summary evictions to be sought in either justice court or district court.

Accordingly, NRS 40.253 must be construed as exempting summary eviction proceedings from the doctrine of claim preclusion in some instances.[3] Thus, a landlord who seeks summary eviction in justice court is not prevented from subsequently bringing a claim for damages in district court, as Reef Centra did here. As a result, the district court properly denied G.C. Wallace's motion for summary judgment.

## CONCLUSION

Although the doctrine of claim preclusion would ordinarily prevent a landlord from bringing a damages claim in district court after previously seeking summary eviction in justice court, an exception to claim preclusion applies in such a circumstance. Consequently, because G.C. Wallace is not entitled to the extraordinary relief requested, we deny this petition.[4]

HARDESTY and PARRAGUIRRE, JJ., concur.

---

(1987). When a landlord seeks summary eviction in justice court and thereafter seeks damages in district court, the courts are not exercising concurrent jurisdiction because the justice court is considering only the summary eviction proceeding and the district court is considering the separate and distinct damages claim. *See generally id.* at 476, 745 P.2d at 702 (indicating that a landlord's damages claim could proceed in district court simultaneously with the landlord's unlawful detainer action in justice court).

[3]We note this caveat because preclusive effect would most likely attach to claims that are actually litigated during the summary eviction proceeding. *See Sewell v. Clean Cut Mgmt., Inc.*, 621 N.W.2d 222, 225 (Mich. 2001) (although a summary eviction judgment does not bar other claims and remedies, it is conclusive on claims that are actually litigated).

[4]We have carefully considered G.C. Wallace's other contentions and conclude that they are without merit.