136 Nev., Advance Opinion 28

IN THE SUPREME COURT OF THE STATE OF NEVADA

ROCK SPRINGS MESQUITE II
OWNERS' ASSOCIATION, A NEVADA
DOMESTIC NONPROFIT
CORPORATION,
Appellant,
vs.
STEPHEN J. RARIDAN AND JUDITH
A. RARIDAN, HUSBAND AND WIFE,
Respondents.

No. 77085



FILED

MAY 28 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order granting a motion to dismiss in a declaratory relief action. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

*Reversed and remanded.*

Boyack Orme & Anthony and Edward D. Boyack, Las Vegas,
for Appellant.

Bingham Snow & Caldwell and Jedediah Bo Bingham and Clifford D. Gravett, Mesquite,
for Respondents.

BEFORE GIBBONS, STIGLICH and SILVER, JJ.

*OPINION*

By the Court, STIGLICH, J.:

Claim preclusion prevents a party from suing based on a claim that was or could have been brought in a prior lawsuit against the same

20-20087

party or its privies. In this appeal, appellant Rock Springs Mesquite II Owners' Association challenges a district court order granting respondents Stephen and Judith Raridan's motion to dismiss on the basis of claim preclusion. Rock Springs claimed in a prior lawsuit that its neighbor wrongfully damaged its retaining wall (Case 1). Rock Springs seeks in this lawsuit a judicial declaration that it can remove its retaining wall even though doing so may cause the Raridans' adjacent masonry wall to collapse (Case 2). Because Rock Springs did not raise a declaratory relief action in Case 1 simply by proposing a jury instruction clarifying lateral support obligations, we hold that Rock Springs' declaratory relief action in Case 2 was not brought in Case 1. Because Rock Springs' action in Case 2 is not based on the same facts or alleged wrongful conduct as its claims in Case 1, we conclude that Rock Springs' action in Case 2 could not have been brought in Case 1. We therefore hold that Rock Springs' action in Case 2 is not precluded and accordingly reverse the district court order.

## BACKGROUND

Rock Springs shared a property border with Floyd and Gayle Olsen. The Olsens' property was significantly higher in elevation than Rock Springs' property. There are two walls involved in this action. One is a complex retaining wall along the border of the two properties that is owned exclusively by Rock Springs. The other is an adjacent masonry wall owned by the Olsens.

*Case 1*

In Case 1, Rock Springs sued the Olsens for trespass, nuisance, encroachment, and negligence, claiming that the Olsens' masonry wall and other property improvements such as palm trees and a swimming pool were

compromising Rock Springs' retaining wall. Rock Springs sought only monetary damages.

During a hearing on a motion for summary judgment, Rock Springs explained that it could not repair its retaining wall without causing the Olsens' masonry wall to collapse. Prior to trial, Rock Springs submitted a proposed jury instruction regarding the duty of lateral support: "[Rock Springs] is under no duty or obligation to provide lateral support for Defendants' wall or property to counteract the force resulting from Defendants' actions." The district court rejected this proposed jury instruction, although its basis for that decision is unknown. At trial, the jury rendered a verdict in favor of the Olsens, finding them not liable for damages to Rock Springs' retaining wall.

*Case 2*

The Olsens subsequently sold their property to respondents Stephen and Judith Raridan. As Rock Springs' retaining wall continued to deteriorate, Rock Springs alleged that it might collapse. Accordingly, Rock Springs sought to repair or remove its retaining wall, but determined that doing so might cause the Raridans' masonry wall to collapse.

Rock Springs filed a declaratory relief action seeking a judicial declaration that it had the right to remove its own retaining wall, even if doing so would impact the structural integrity of the Raridans' masonry wall. The Raridans moved to dismiss on the basis of claim preclusion, arguing that Rock Springs' action regarding its retaining wall was or could have been brought in Case 1. In the alternative, the Raridans moved for summary judgment on the merits.

The district court granted the Raridans' motion to dismiss. It found that the Raridans are the Olsens' privies and that the judgment in

Supreme Court
OF
Nevada

(O) 1947A

Case 1 is a final judgment. It then found that when Rock Springs submitted its proposed jury instruction about the duty of lateral support in Case 1, it raised "essentially the same claim it is raising now, i.e. an assertion that it has no obligation to provide support to Defendants' property." The district court also found that the issue of lateral support could have been raised in Case 1, as demonstrated by Rock Springs' proposed jury instruction. The district court therefore concluded that Rock Springs' declaratory relief action was barred by claim preclusion. This appeal followed.

## DISCUSSION

In this appeal, we consider whether the district court erred in dismissing Rock Springs' declaratory relief action in Case 2 on the basis of claim preclusion. In doing so, we evaluate whether Rock Springs' declaratory relief action in Case 2 was or could have been brought in Case 1. We review conclusions of law in an order granting a motion to dismiss de novo. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008). "Whether claim preclusion is available is a question of law reviewed de novo." *G.C. Wallace, Inc. v. Eighth Judicial Dist. Court*, 127 Nev. 701, 705, 262 P.3d 1135, 1137 (2011).

"Claim preclusion makes a valid final judgment conclusive on the parties and ordinarily bars a later action based on the claims that were or could have been asserted in the first case." *Boca Park Marketplace Syndications Grp., LLC v. Higco, Inc.*, 133 Nev. 923, 924-25, 407 P.3d 761, 763 (2017). A policy-driven doctrine, claim preclusion is "designed to promote finality of judgments and judicial efficiency by requiring a party to bring all related claims against its adversary in a single suit, on penalty of forfeiture." *Id.* at 925, 407 P.3d at 763. We have adopted a three-part test for determining whether claim preclusion applies: "(1) the parties or their

privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054, 194 P.3d 709, 713 (2008) (internal footnote omitted).

In this case, the parties do not dispute that the Raridans are the Olsens' privies and there is a final valid judgment in Case 1. We must therefore only evaluate whether Rock Springs' action in Case 2 is based on the same claims or any part of them that (1) were brought or (2) could have been brought in Case 1.

*Rock Springs' declaratory relief action in Case 2 was not brought in Case 1*

We first determine whether Rock Springs' declaratory relief action in Case 2 was previously brought in Case 1. The district court concluded that by proposing a jury instruction on the duty of lateral support in Case 1, Rock Springs already raised essentially the same claim as it asserted in Case 2. We disagree.

Jury instructions are used only to instruct the jury on the law of the case. *See* NRS 16.110(1); *see also* Nevada Jury Instructions—Civil, 2011 Edition Disclaimer and Information, at iii ("These recommended jury instructions are intended to summarize the contours of the law that a jury will apply to the facts."). They are not used to obtain actions for declaratory relief. *See* NRS 16.110(1); *see also* NRS 30.030 (providing the scope of declaratory relief when "*a declaratory judgment or decree is prayed for*" (emphasis added)).

Rock Springs' proposed jury instruction explaining that it had no lateral support obligation did not add a cause of action to its lawsuit for trespass, nuisance, encroachment, and negligence. Had the district court given Rock Springs' proposed jury instruction, the instruction would have

SUPREME COURT
OF
NEVADA

(O) 1947A

5

presented the relevant law and enabled the jury to make a finding on these claims under these facts. For example, as Rock Springs argued, the instruction might have helped ensure that the jury reached its conclusions using the elements of the alleged torts and not based on a theory of lateral support. The instruction would not, however, have become a binding judicial declaration on the parties' lateral support obligations. There is little in the record indicating the extent to which the parties litigated the jury instruction, and we do not know why the district court rejected it. Regardless, Rock Springs did not raise a declaratory relief action in Case 1 simply by proposing a jury instruction. We therefore conclude that Rock Springs' action in Case 2 was not brought in Case 1.

*Rock Springs' declaratory relief action in Case 2 could not have been brought in Case 1*

We next determine whether Rock Springs' declaratory relief action in Case 2 could have been brought in Case 1. The district court found that Rock Springs' proposed jury instruction and the district court's rejection of it in Case 1 demonstrate that the issue of lateral support could have been raised in Case 1. We disagree.

"[A]ll claims *based on the same facts and alleged wrongful conduct* that were or could have been brought in the first proceeding are subject to claim preclusion." *G.C. Wallace*, 127 Nev. at 707, 262 P.3d at 1139 (emphasis added) (internal quotation marks omitted); *see also TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014) ("Whether a claim that was not raised in the previous action could have been raised therein depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." (internal quotation marks omitted)); *Tahoe-Sierra*

SUPREME COURT
OF
NEVADA

(O) 1947A

6

*Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) ("[I]dentity of claims exists when two suits arise from the same transactional nucleus of facts." (internal quotation marks omitted)).  For example, in *G.C. Wallace*, we held that a tenant's default gave rise to both a landlord's summary eviction action as well as the landlord's later damages action for breaching the lease because the two actions were "based upon an identical set of facts and could have been brought simultaneously."  127 Nev. at 707, 262 P.3d at 1139.  Claim preclusion generally applies to all grounds of recovery, regardless of the nature or category of damages requested.[1]  *See Five Star*, 124 Nev. at 1058, 194 P.3d at 715.

We determine that Rock Springs' declaratory relief action in Case 2 could not have been brought in Case 1.  First, the action in Case 2 is based on different facts than the claims in Case 1.  In Case 1, the alleged facts involved whether the Olsens' masonry wall and other property improvements damaged Rock Springs' retaining wall.  In Case 2, the alleged facts involve a damaged retaining wall located along the property border that must be repaired or removed, but doing so may negatively impact the Raridans' masonry wall.  It is true that the retaining wall's damage contributed to Rock Springs' decision to repair or remove the wall and to seek a judicial determination on its lateral support obligation in the process.

---

[1]While we held in *Boca Park Marketplace Syndications Grp., LLC v. Higco, Inc.*, that a declaratory relief action *brought first* categorically does not preclude later related claims for damages, 133 Nev. at 928-29, 407 P.3d at 765-66, we have not evaluated whether a declaratory relief action brought after a claim for damages is exempt from claim preclusion and decline to do so here.  In this appeal, we apply only ordinary claim-preclusion analysis to determine that Rock Springs' declaratory relief action in Case 2 is not precluded because it was not and could not have been brought in Case 1.  *See Five Star*, 124 Nev. at 1054, 194 P.3d at 713.

We determine, however, that Rock Springs' declaratory relief action arising after its tort claims is not precluded just because it is premised on some facts representing a continuance of the same course of conduct as Case 1. *See TechnoMarine*, 758 F.3d at 499 (reasoning that a subsequent action "premised on facts representing a continuance of the same course of conduct" as the initial case need not necessarily be precluded (internal quotation marks omitted)). The essential facts are different.

Second, unlike in Case 1 where the alleged wrongful conduct was trespass, nuisance, encroachment, and negligence, in Case 2 there is no alleged wrongful conduct. We remain steadfast in our precedent that claim preclusion applies to all grounds of recovery, regardless of the nature or category of damages requested. *See Five Star*, 124 Nev. at 1058, 194 P.3d at 715. However, because Case 2 does not allege wrongdoing, it cannot be based on the same alleged wrongful conduct as in Case 1.

Additionally, Rock Springs' declaratory relief action in Case 2 could not have been brought simultaneously with the claims in Case 1. At the time of Case 1, there was no need to determine lateral support obligations. Despite Rock Springs arguing in Case 1 that it could not repair its retaining wall without causing the Olsens' masonry wall to collapse, Rock Springs was not seeking to resolve how to adequately repair or remove its wall in Case 1, nor had it then determined that it needed to repair or remove the wall. Furthermore, had Case 1 been decided in Rock Springs' favor, the issue of lateral support obligations would have changed or even become irrelevant because the Olsens would have been responsible for the wall's repair. Moreover, Rock Springs alleged that the wall continued to degrade since the conclusion of Case 1, further illustrating that the circumstances that led to Rock Springs' declaratory relief action arose after

SUPREME COURT
OF
NEVADA

(O) 1947A

Case 1 concluded. We are unwilling to extend claim preclusion to an action that a party was aware might arise in the future, when such an action was based on different facts than those of the initial case.

We also note that precluding Rock Springs' action in Case 2 would be inconsistent with the policy of claim preclusion. *See Higco*, 133 Nev. at 925, 407 P.3d at 763 (reasoning that claim preclusion promotes the finality of judgments and judicial efficiency). A judicial declaration in Case 2 will not undermine the finality of the jury's verdict in Claim 1, that the Olsens were not liable for damages to Rock Springs' retaining wall. Moreover, without a judicial declaration, Rock Springs will be unable to ascertain the risk involved in repairing or removing its wall, and there would be an increased likelihood of additional expense and litigation later.

The district court erred in concluding that Rock Springs' proposed jury instruction and the district court's rejection of such instruction demonstrated that Rock Springs' declaratory relief action could have been brought in Case 1. Rock Springs had a legitimate reason to propose that instruction in Case 1: to ensure the jury reached its conclusions using elements of the alleged torts. It had no need, however, to seek a judicial declaration on lateral support rights. We are unwilling to suppress parties from proposing jury instructions that may help clarify the law for the jury out of fear that doing so would preclude future claims. The legal determination sought in Case 2 is different from the question of whether the Olsens committed torts in Case 1, and it arises from a different set of facts. We therefore determine that Rock Springs' declaratory relief action could not have been brought in Case 1.

## CONCLUSION

Having concluded that Rock Springs did not raise a declaratory relief action in Case 1 simply by proposing a jury instruction, we hold that Rock Springs' declaratory relief action in Case 2 was not brought in Case 1. Furthermore, having concluded that Rock Springs' declaratory relief action in Case 2 is not based on the same facts or alleged wrongful conduct as its claims in Case 1, we determine that Rock Springs' action in Case 2 could not have been brought in Case 1. Accordingly, we hold that Rock Springs' action in Case 2 is not precluded and reverse the district court order granting the Raridans' motion to dismiss. The case is remanded for further proceedings.

_____, J.
Stiglich

I concur:

_____, J.
Gibbons

SILVER, J., dissenting:

I would affirm the district court's grant of the Raridans' motion to dismiss pursuant to *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 194 P.3d 709 (2008), because Rock Springs could have requested a declaration that it did not owe a duty of support to the adjacent property in the same action that it sought money damages for its failing retaining wall. Therefore, I respectfully dissent.

Rock Springs' complaint in Case 1 alleged that the Olsens' wall, adjacent to Rock Springs' retaining wall, was "moving towards and causing damage" to its retaining wall because of earth movement and other factors. Further, Rock Springs alleged *the cost to repair* its retaining wall was $94,000. And, in its encroachment claim, Rock Springs alleged that it was "*entitled to an order* requiring [the Olsens] to cease the encroachment and *remove the encroaching materials, to wit: the [Olsens'] wall.*" (Emphases added.) Next, in its prayer for relief, Rock Springs requested not only monetary damages in excess of $10,000, but also "an *order directing* [the Olsens] to cease trespassing upon [Rock Springs'] property and *to remove all items, including the [Olsens'] wall*, which are trespassing upon [Rock Springs'] property." (Emphases added.)

It is clear that, whether Rock Springs won or lost at the first trial, Rock Springs acknowledged that its failing retaining wall *had* to be repaired and removed. Rock Springs literally stated as much when it filed its complaint against the Olsens. Even the majority concedes that the Olsens' property (now the Raridans') was significantly higher in elevation in relation to the retaining wall owned by Rock Springs, and the photos attached to the summary judgment motion, including the photos below,

show that any attempt by Rock Springs to repair its retaining wall would likely cause damage to the Raridans' wall (formerly the Olsens').

Based on the foregoing, I believe that when Rock Springs initiated Case 1, it understood that when it "repaired" or "removed" its retaining wall there would be an adverse effect on the adjacent property by mere virtue of the nature of the retaining wall holding up the higher elevated property. This is obvious from the record when Rock Springs recognized during summary judgment that it could not repair its retaining wall *without causing damage to the Olsens' wall*. Why? Because that is the nature of a *retaining* wall. Despite its argument to the district court, Rock Springs never sought to add a claim for declaratory relief in Case 1 that it had no obligation to provide lateral support for the adjacent wall or property in order to protect itself from liability for the possible damages resulting from the repairs Rock Springs asserted it needed to make. It was not until after the close of the evidence that Rock Springs proposed its own declaration in the form of a jury instruction stating, "[Rock Springs] is under no duty or obligation to provide lateral support for [the Olsens'] wall or property to counteract the force resulting from [the Olsens'] actions." Although I would not view the requested jury instruction as Rock Springs requesting declaratory relief in Case 1, this proposed jury instruction is significant: it reflects that Rock Springs was aware of its potential liability by repairing the retaining wall in Case 1.[1]

---

[1]And Rock Springs' appeal in Case 1 further demonstrates that it could have raised the declaratory relief issue in that case, as it asserted that the district court's rejection of its jury instruction regarding the duty of lateral support warranted reversal. *See Rock Springs Mesquite 2 Owners' Ass'n v. Olsen*, Docket No. 64227 (Notice of Appeal, Oct. 15, 2013); *Mack v.*

After the jury returned a verdict in favor of the Olsens, Rock Springs filed a second action requesting what it should have requested during litigation in Case 1—a declaration that it owes no duty of lateral support—because it knew that repairing the retaining wall would cause damage to the adjoining property, now owned by the Raridans. Stated another way, Rock Springs sought a judicial declaration that when it repaired its failing wall, it would not be liable for any resulting damages. This would necessarily include damage to the adjacent wall Rock Springs acknowledged would be damaged in Case 1.

I agree with respondents that filing Case 2 is just a second attempt by Rock Springs to avoid paying the costs involved in repairing its retaining wall. Simply put, this "declaration" could have been sought in Case 1 because the record shows that Rock Springs was aware of this issue because of the nature of retaining walls and what is involved in repairing and removing them. It is disingenuous to say that this could not be brought in Case 1. *See G.C. Wallace, Inc. v. Eighth Judicial Dist. Court*, 127 Nev. 701, 707, 262 P.3d 1135, 1139 (2011) ("[A]ll claims based on the same facts and alleged wrongful conduct that were or could have been brought in the first proceeding are subject to claim preclusion." (internal quotation marks omitted)); *see also Baker v. Gen. Motors Corp.*, 522 U.S. 222, 234 (1998) (seeing "no reason" why claim preclusion would not apply in cases merely because the type of relief sought in the second case differs from that sought in the first case, so long as the other claim preclusion factors are met); *Boca Park Marketplace Syndications Grp., LLC v. Higco, Inc.*, 133 Nev. 923, 923, 407 P.3d 761, 762 (2017) ("[A] party may join claims for declaratory relief

---

*Estate of Mack*, 125 Nev. 80, 91-92, 206 P.3d 98, 106 (2009) (recognizing that this court can take judicial notice of court records in related cases).

and damages in a single suit . . . ."). Case 2's request for a declaration negating liability for Rock Springs' repair or removal of its retaining wall was based on the same facts and alleged wrongful conduct raised in Case 1. *See G.C. Wallace*, 127 Nev. at 707, 262 P.3d at 1139. Accordingly, I would affirm the district court's order of dismissal under these particular facts.

_____, J.
Silver





6

