# IN THE SUPREME COURT OF THE STATE OF NEVADA

RAYMOND PICKENS, ON BEHALF OF THE REAL PARTY IN INTERST THE STATE OF NEVADA; DIANA PICKENS; ROXANN PICKENS; AND RAYMOND PICKENS,
Appellants,
vs.
LA VILLA VEGAS, INC., A NEVADA CORPORATION, D/B/A LA VILLA VEGAS MOBILE HOME PARK; WEST COAST MOBILE HOME PARKS, INC., A CALIFORNIA CORPORATION; ROY REED; PAUL DEPOE; DAVID BOUCHER; DONNA MUELLER; LOIS SMITH; DAN WINCHESTER; SHAWN BARNES; EARL G. EDWARDS; EDITH K. EDWARDS; DEBORAH MILLS; MICHELLE SULLIVAN PORTER; DAVID WHEATCRAFT, JR.; MARIA SCHRADER; ALBERTA HAWS; ANN POLLICK; AND CARLOS RODRIGUEZ, INDIVIDUALS,
Respondents.

No. 77993



FILED

APR 29 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in a landlord-tenant dispute. Eighth Judicial District Court, Clark County; Kerry Louise Earley, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.

A justice court granted respondent La Villa Vegas, Inc.'s complaint for unlawful detainer against appellants Raymond and Diana Pickens and issued a writ of restitution, concluding that La Villa Vegas had

the right to deny Raymond residency under the terms of its lease with Diana because he was a convicted sex offender. Raymond and Diana filed a notice of appeal in district court, but the court involuntarily dismissed the appeal for what appears to be a failure to prosecute.

Raymond, Diana, and Roxann Pickens later filed a complaint in district court against respondents, arguing that La Villa Vegas unlawfully evicted Raymond because of his sex offender status. The complaint also alleged various tort and statutory-based claims. On cross-motions for summary judgment, the district court granted judgment in favor of respondents, concluding that: (1) the doctrines of claim or issue preclusion barred appellants' claim for unlawful eviction; and (2) the limitations period under NRS 11.190(4) barred appellants' remaining claims.

The claim preclusion doctrine applies when "(1) the same parties or their privies are involved in both cases, (2) a valid final judgment has been entered, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev. 252, 257, 321 P.3d 912, 915 (2014) (internal quotation omitted). Upon review of the record, we conclude that the district court properly determined that claim preclusion barred appellants' unlawful eviction claim.

While we have held that claim preclusion does not apply to unasserted claims in the context of summary eviction proceedings, *see Boca Park Marketplace Syndications Grp., LLC v. Higco, Inc.*, 133 Nev. 923, 926, 407 P.3d 761, 764 (2017) (holding "that claim preclusion does not apply where the original action sought only declaratory relief"); *G.C. Wallace, Inc. v. Eighth Judicial Dist. Court*, 127 Nev. 701, 711, 262 P.3d 1135, 1141 (2011) (holding that claim preclusion did not prevent "a landlord who seeks

summary eviction in justice court . . . from subsequently bringing a claim for damages in district court"), the factual circumstances are different here. In this case, the justice court presided over a bench trial where appellants raised NRS 179B.270(6) (generally precluding use of "information obtained from the community notification website for any purpose related to . . . [h]ousing or accommodations") as a defense to respondents' complaint for unlawful detainer. Furthermore, the justice court had jurisdiction over the unlawful detainer action, NRS 4.370(1)(g), and had the authority to resolve statutory and constitutional issues in the context of so doing, *see City of Las Vegas v. Eighth Judicial Dist. Court*, 122 Nev. 1041, 1047, 146 P.3d 240, 244 (2006) (holding that the Legislature has empowered municipal courts and justice courts "with the authority to resolve constitutional questions raised" in proceedings over which they have jurisdiction). Because the statutory basis for appellants' district court claim for unlawful eviction was raised as a defense in the justice court unlawful detainer action, the court entered a valid final judgment, and both actions involve the same parties, we conclude that the district court properly entered judgment against appellants on that claim. *See Alcantara*, 130 Nev. at 257, 321 P.3d at 915; *see also G.C. Wallace*, 127 Nev. at 711 n.3, 262 P.3d at 1141 n.3 (noting that although summary eviction proceedings are exempt from the doctrine of claim preclusion in certain instances, "preclusive effect would most likely attach to claims that are actually litigated during the summary eviction proceeding").

As to appellants' claims for defamation, false light, intentional and negligent infliction of emotional distress, negligent supervision, and respondeat superior, appellants failed to provide any admissible evidence that the factual events supporting their claims happened within the two-

year statute of limitations or authority that these claims should be governed by a different limitation period.[1] *See Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 602-03, 172 P.3d 131, 134 (2007) (recognizing that if the nonmoving party has the burden of persuasion at trial, the moving party can satisfy its summary judgment burden by "pointing out . . . that there is an absence of evidence to support the nonmoving party's case," after which, "the nonmoving party must transcend the pleadings and, by affidavit or other admissible evidence, introduce specific facts that show a genuine issue of material fact" (internal quotation omitted)); *see also Wood*, 121 Nev. at 731, 121 P.3d at 1031 ("The substantive law controls which factual disputes are material and will preclude summary judgment; other factual disputes are irrelevant."). On appeal, appellants likewise fail to point to anything in the record demonstrating that the district court erred in granting summary judgment on statute of limitation grounds. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (noting that it is the responsibility of the parties "to cogently argue, and present relevant authority, in support of his [or her] appellate concerns").

As to appellants' claim for concert of action, we conclude that appellants are not entitled to relief notwithstanding the district court's

---

[1]Below, appellants alluded to a sworn video deposition of a La Villa Vegas resident in support of their defamation and false light claims, and on appeal, appellants allege that La Villa Vegas management made statements about how Raymond sexually assaulted two women. However, appellants' appendix does not contain any evidence to support this allegation. "When an appellant fails to include necessary documentation in the record, we necessarily presume that the missing portion supports the district court's decision." *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007).

conclusion that NRS 11.190(4)(e) governed that claim.[2] *See Bongiovi v. Sullivan*, 122 Nev. 556, 575 n.44, 138 P.3d 433, 447 n.44 (2006) (noting that "we will affirm the district court's decision if it reaches the right result, even if for the wrong reasons"). To recover under a theory of concert of action, a plaintiff must show that the defendants committed a tortious act or "agreed to conduct an inherently dangerous activity or an activity that poses a substantial risk of harm to others." *Abrams v. Sanson*, 136 Nev. 83, 92, 458 P.3d 1062, 1070 (2020).

Here, appellants argue that their concert of action claim relates to their claims for defamation and false light. The gravamen of the defamation and false light claims is that employees of La Villa Vegas told residents that Raymond "raped a woman with a gun" and that he held a "gun to her head, taped her mouth and raped her." To be actionable under a theory of defamation, a statement must be, among other things, false. *Clark Cty. Sch. Dist. v. Virtual Educ. Software, Inc.*, 125 Nev. 374, 385, 213 P.3d 496, 503 (2009). Here, the record demonstrates that Raymond has two criminal convictions supporting the statements allegedly made by La Villa Vegas employees. Additionally, appellants do not provide any evidence demonstrating that those statements are false. Given this, we conclude that the district court's grant of summary judgment on appellants' claim for

---

[2]Concert of action is similar to the tort of civil conspiracy, *GES, Inc. v. Corbitt*, 117 Nev. 265, 270, 21 P.3d 11, 15 (2001), which is subject to the four-year catch-all limitation period under NRS 11.220, *Siragusa v. Brown*, 114 Nev. 1384, 1391, 971 P.2d 801, 806 (1998).

concert of action was proper, *see Cuzze*, 123 Nev. at 602-03, 172 P.3d at 134, albeit for different reasons.

Based on the foregoing we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:     Chief Judge, Eighth Judicial District Court
        Eighth Judicial Court, Department 4
        M. Nelson Segel, Settlement Judge
        Millennium Legal LLC
        Hutchison & Steffen, LLC/Las Vegas
        Eighth District Court Clerk

---

[3]Appellants' opening brief does not address the district court's conclusion that appellants' claims for retaliation and harassment and violations of the Fair Credit Reporting Act were time-barred. Additionally, appellants do not challenge the district court's summary judgment on their civil conspiracy, conversion, unjust enrichment, or defective foreclosure or replevin claims. Accordingly, we conclude that appellants abandoned these arguments on appeal. *See Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. 156, 161 n.3, 252 P.3d 668, 672 n.3 (2011) ("Issues not raised in an appellant's opening brief are deemed waived.").